UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE MCKINNEY,

        Plaintiff,        Case No. 2:14-cv-220

v.        HON. ROBERT HOLMES BELL

GARY RUTENBAR, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action brought by a state prisoner Eugene McKinney pursuant to 42 U.S.C. § 1983. Defendants, Corrections Officer Gary Rutenbar and Inspector James Corrigan, argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative grievance remedies. (Docket #8). Plaintiff alleges that after he filed grievances against a Corrections Officer, he was informed by defendants that he was being transferred. Plaintiff claims defendants retaliated against him when they issued him a false misconduct ticket.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056

(same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P.  The Policy Directive also provides the following directions for completing grievance forms: "The issues

shall be stated briefly.  Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants argue that they are entitled to summary judgment because plaintiff alleges that he was issued a misconduct ticket in retaliation for filing grievances, and then transferred as a result of the misconduct without ever raising the issue of retaliation in the misconduct hearing.  Defendants have taken a narrow view of plaintiff's case.  Plaintiff has asserted that defendant

4

Rutenbar used inappropriate racial slurs; and, when plaintiff told him that he would file a grievance, defendant Rutenbar told plaintiff that he would remove plaintiff from his shoe shine position. After plaintiff filed that grievance, defendant Rutenbar threatened to have plaintiff transferred to a different prison. Defendant Rutenbar then recommended to defendant Corrigan that plaintiff should be transferred because he was filing a grievance. Plaintiff was transferred the following day due to a misconduct charge of creating a disturbance. Plaintiff alleges that the misconduct charge was false. The charge was subsequently upheld by the hearing officer. Plaintiff alleges that his procedural due process rights were violated, he was issued a false misconduct report, and he lost his job as a result of defendants' conduct. It is clear that plaintiff has asserted multiple levels of retaliatory action. Defendants have simply focused on the misconduct charge and the hearing. Plaintiff has asserted that he was the subject of retaliation by defendant Rutenbar after he was initially told that Rutenbar would remove him from the shoe shine position for filing a grievance, and again when Rutenbar told plaintiff that he would be transferred for filing grievances. Plaintiff also contends that he was transferred as a result of filing grievances, and that he was retaliated against because he was found guilty of a false misconduct charge. To the extent that plaintiff is asserting that he was issued false misconduct tickets in retaliation for his protected conduct, plaintiff has failed to show that he raised that issue in his misconduct hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-694 (6th Cir. 2011). In the opinion of the undersigned, to the extent that plaintiff alleges that his misconduct charge was retaliatory, that claim should be dismissed. However, that is an insignificant part of this case. Defendant Rutenbar was allegedly involved in multiple retaliatory acts. Plaintiff's transfer from the prison, and loss of his job are separate and distinct acts. In the opinion of the undersigned,

defendants have not met their burden of establishing that plaintiff failed to exhaust his grievance remedies on each of his claims of retaliation.

For the foregoing reasons, I recommend that defendants' motion for summary judgment (Docket #8) be granted in part, dismissing without prejudice plaintiff's claim that defendants' issued a false misconduct ticket against him in retaliation for his protected conduct, but denied on his claims that he lost his prison job and was transferred to a different prison based upon retaliatory conduct.

Dated: August 31, 2015        /s/ TIMOTHY P. GREELEY
Timothy P. Greeley
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. An*, 474 U.S. 140 (1985).