UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE McKINNEY,

       Plaintiff,

                                          Case No.  2:14-CV-220

v.

                                          HON. ROBERT HOLMES BELL

GARY RUTENBAR, et al.,

       Defendants.
                                                      /

**ORDER APPROVING IN PART AND MODIFYING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 31, 2015, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 8) be granted in part and denied in part.  (R&R, ECF No. 18.)  Plaintiff and Defendants have filed objections to the R&R.  (ECF Nos. 20, 22.)

This Court is required to make a de novo determination of those portions of the R&R to which a specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R's recommendation that this Court dismiss Plaintiff's claim that Defendants issued a retaliatory false misconduct ticket. The R&R recommends dismissal of this claim pursuant to *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011), because Plaintiff did not raise the retaliation issue at his misconduct hearing. Plaintiff does not deny that pursuant to *Siggers* he failed to exhaust his claim when he failed to raise the retaliation issue at his misconduct hearing. Rather, Plaintiff objects to the R&R based on his contention that *Siggers* was wrongly decided.

Unless there is an overriding Supreme Court decision or a decision of the Court of Appeals sitting en banc, a panel of the Court of Appeals, or for that matter, a district court, is not at liberty to reverse the circuit's precedent. *See Brown v. Cassens Transport Co.*, 492 F.3d 640, 646 (6th Cir.2007). *Siggers* is controlling precedent in this circuit, and whether or not *Siggers* was wrongly decided, this Court is bound to follow it. Accordingly, Plaintiff's objection will be overruled.

Defendants object to the R&R to the extent that it recommends denying their motion for summary judgment with respect to Plaintiff's claims that he lost his prison job and was transferred to a different prison based upon retaliatory conduct. Defendants point out that although Plaintiff filed several grievances against them, all of those grievances were filed before Plaintiff lost his prison job and before Plaintiff was transferred to a different prison. Plaintiff did not file any grievances against them after he was transferred and lost his job.

Accordingly, they contend that Plaintiff did not exhaust his administrative remedies with respect to his claim that he lost his prison job and that he was transferred to a different prison in retaliation for his exercise of his First Amendment right to file grievances.

Defendants are correct in their assertion that Plaintiff did not exhaust his administrative grievances with respect to the transfer and the loss of his job.  Accordingly, the Court will sustain Defendants' objections with respect to these claims.  However, Defendants ignore the fact that Plaintiff's complaint alleges that he was also threatened with a transfer and the loss of his job.  (Compl. ¶¶ 9, 12.)  "Retaliation against a prisoner is actionable if it is capable of deterring a person of ordinary firmness from exercising his or her right to access the courts." *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999). As the Sixth Circuit recognized in *Thaddeus-X*, certain threats or deprivations may be so de minimus that they do not rise to the level of being constitutional violations.  *Id.*  However, the Sixth Circuit has never held that threats alone can never sustain a retaliation claim.  *See Smith v. Yarrow*, 78 F. App'x 529, 542-43 (6th Cir. 2003) (noting that some threats may be sufficient to deter prisoners from exercising their First Amendment rights).  Defendants have not met their burden of establishing that Plaintiff did not exhaust his administrative remedies with respect to his claims based on the alleged threats of transfer and loss of a job.  (*See* Defs.' Ex. C, ECF No. 9-4.)  Accordingly, the Court will sustain Defendants' objection with respect to Plaintiff's claims based on the transfer and loss of his job, but will overrule Defendants' objections as to other claims Plaintiff has made that were grieved.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' objections to the R&R (ECF No. 20) are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** the September 10, 2015, R&R (ECF No. 18) is **APPROVED IN PART** and **MODIFIED** as set forth in this order.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 8) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted as to Plaintiff's claims that Defendants retaliated against him by issuing a false misconduct and by transferring him and causing him to lose his job.  The motion is denied as to all other claims raised in Plaintiff's complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for order directing Defendants to answer Plaintiff's complaint (ECF No. 17) is **DENIED AS MOOT**.


Dated: September 24, 2015                         /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE