UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


EUGENE McKINNEY,

            Plaintiff,

                                              File No. 2:14-cv-220

v.

                                              HON. ROBERT HOLMES BELL

GARY RUTENBAR et al.,

            Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

On July 11, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion for summary judgment. (ECF No. 56.) Plaintiff filed objections to the R&R. This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, Plaintiffs objections are denied and the recommended disposition of Defendants' motion is approved by the Court.

Defendants moved for summary judgment on the basis of qualified immunity. Plaintiff alleges that Defendants Rutenbar and Corrigan had him transferred to another prison in retaliation for Plaintiff's grievances. Prior to that time, on February 14, 2014, Defendant Rutenbar allegedly threatened to have Plaintiff terminated from his prison job in response

to Plaintiff's threat to file a grievance. In addition, on March 3, 2014, Rutenbar allegedly threatened to have Plaintiff transferred to another prison in retaliation for a grievance that Plaintiff filed against him regarding Rutenbar's threat to take away his job. Plaintiff was subsequently transferred to another prison and lost his prison job.

This Court previously dismissed the claims against Rutenbar and Corrigan arising from the actual prison transfer and the job loss, due to Plaintiff's failure to exhaust these claims through the grievance process. Thus, what remains before the Court is Plaintiff's claim that Rutenbar and Corrigan retaliated against Plaintiff by threatening to take away his job and threatening to transfer him.

The magistrate judge agreed that Defendants were entitled to qualified immunity because it is not clearly established that a *threat* to take away a prisoner's job or *threat* to transfer him to another facility is sufficiently adverse to state a retaliation claim.

**1. Merits of Plaintiff's Objection**

Plaintiff objects on the basis that it was clearly established that a retaliatory transfer resulting in a job loss is an adverse action, particularly where the transfer and job loss would inhibit the prisoner's access to the courts. Plaintiff contends that the loss of his job prevented him from hiring a private investigator to assist him with preparing a petition for a writ of habeas corpus.

Plaintiff may be correct, but the issue is not whether his transfer and job loss were sufficiently adverse to give rise to a retaliation claim, because his claim based on these

actions has been dismissed. Rather, the issue is whether it was clearly established that the *threat* to transfer Plaintiff or the *threat* to terminate his job were adverse actions. As noted by the magistrate judge, unlike the actual transfer and job loss, Defendant's threats did not adversely effect Plaintiff by, for instance, impairing his ability to access the courts. Thus, Plaintiff's objection is without merit because it does not address the basis for the magistrate judge's decision.

### 2. Threat of Job Loss and Prison Transfer as Adverse Actions

Even if Plaintiff's objection addressed the basis for the recommendation in the R&R, the Court agrees with the analysis in the R&R that, although the Sixth Circuit has indicated that some threats can rise to the level of an adverse action in some circumstances, *see, e.g., Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) (physical threats combined with transfer of an inmate to the area of the prison used to house mentally ill inmates); *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (threat to change drug test results); *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (threat to have prisoner moved out of the unit so that he would lose his job, combined with threat to have prisoner moved to a location where his family would not be able to visit him), it has not held, and it is not clearly established, that a threat of prison transfer or job termination, standing alone, is sufficiently adverse to constitute prohibited retaliation.

### 3. Threat to File Grievance as Protected Conduct

In addition, contrary to the R&R, the Court finds that Defendant Rutenbar is entitled to qualified immunity with respect to the threat to remove Plaintiff from his prison job for an additional reason. Plaintiff alleges that Rutenbar made this threat in response to Plaintiff's threat to file a grievance, but it is not clearly established that a threat to file a grievance is protected conduct. *See Aaron v. Kimmel*, No. 11-13567, 2012 WL 2526961, at \*5 (E.D. Mich. June 29, 2012) ("A First Amendment right not to be retaliated against based upon a threat to file a prison grievance was not clearly established during the events giving rise to Plaintiff's claim."); *accord Carter v. Byrd*, No. 14-CV-13234, 2015 WL 4724884, at \*5 (E.D. Mich. Aug. 10, 2015); *see also Brown v. Darnold*, 505 F. App'x 584, 588 (7th Cir. 2013) ("[W]e have not decided whether a threat to grieve is a protected activity."); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[I]t seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance."); *Pasley*, 345 F. App'x at 985 (noting that the Sixth Circuit "appears not to have determined conclusively whether merely threatening to file a grievance constitutes protected activity" and finding that the plaintiff's threatened grievance "might" constitute protected conduct).

Defendants raised this argument in their motion for summary judgment, but the R&R did not expressly resolve the issue. Instead, it cited a passage from a case holding that a threat to file a grievance is protected conduct, *Carter v. Dolce*, 647 F. Supp. 2d 826, 834 (E.D. Mich. 2009).

4

*Carter* is not persuasive, however, because it does not examine whether it is clearly established that a threat to file a grievance is protected conduct. Moreover, *Carter* relies upon Sixth Circuit precedent that does not involve the rights at issue in this case, i.e., the First Amendment rights of prisoners. *See Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999) (speech rights of public employee); *Polk v. Yellow Freight Sys., Inc.*, 801 F.2d 190 (6th Cir. 1986) (rights under a statute similar to Title VII). In contrast to the rights of a free citizen under the First Amendment or Title VII, a prisoner's rights are more limited, and the contours of a prisoner's First Amendment right to freedom of speech are unclear. *Thaddeus-X*, 175 F.3d at 391.

In addition, filing a prisoner grievance is protected conduct due, in part, to reasons unrelated to freedom of speech or Title VII. Filing a prison grievance effectuates a prisoner's constitutional right to petition the state for redress of grievances. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). It is less clear that a *threat* to file a grievance serves the same function. Consequently, it is not clearly established that Plaintiff's threat to file a grievance was protected conduct. The Court rejects the analysis in the R&R which suggests otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 57) are **OVERRULED**.

5

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 56) is **APPROVED** insofar as it recommends granting the motion for summary judgment.[1]

**IT IS FURTHER ORDERED** that, for the reasons discussed herein and in the R&R, Defendants' motion for summary judgment (ECF No. 46) is **GRANTED**.

A judgment will be entered consistent with this memorandum opinion and order.


Dated: <u>August 4, 2016</u>                    /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE

---

[1]The Court does not accept the recommendation that an appeal of this action would not be in good faith.

6